UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RONALD WALLACE,<br>Defendant. | Case No. 17-cr-00190-BLF-1<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(1)(A)**<br><br>**(COMPASSIONATE RELEASE)**<br><br>[Re: ECF 47] |

Upon motion of [x] the defendant [ ] the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, **IT IS ORDERED** that the motion is:

**A. [ ] GRANTED**

   [ ] The defendant's previously imposed sentence of imprisonment of ____ is reduced to

   ____. If this sentence is less than the amount of time the defendant already served, the

   sentence is reduced to a time served; or

   [ ] Time served.

   If the defendant's sentence is reduced to time served:

      [ ] This order is stayed for up to fourteen days, for the verification of the

         defendant's residence and/or establishment of a release plan, to make

         appropriate travel arrangements, and to ensure the defendant's safe release.

         The defendant shall be released as soon as a residence is verified, a release

         plan is established, appropriate travel arrangements are made, and it is safe

         for the defendant to travel. There shall be no delay in ensuring travel

arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

[ ] There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

**[ ]** The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where the defendant will be released because it was not included in the motion for sentence reduction.

**[ ]** Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of [ ] probation or [ ] supervised release of ____ months (not to exceed the unserved portion of the original term of imprisonment).

[ ] The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

[ ] The conditions of the "special term" of supervision are as follows:

[ ] The defendant's previously imposed conditions of supervised release are unchanged.

[ ] The defendant's previously imposed conditions of supervised release are modified as follows:

B. [ ] **DEFERRED** pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before \_\_\_\_, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

C. [x] **DENIED** after complete review of the motion on the merits.

D. [x] **FACTORS CONSIDERED (Optional),** if motion is Granted or Denied on the merits

   1. **Extraordinary and Compelling Circumstances Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Consistent with Applicable Policy Statements Issued by the United States Sentencing Commission in U.S.S.G. § 1B1.13**

   The Court finds that Defendant has not established the existence of extraordinary and compelling circumstances warranting compassionate release. Defendant argues that his serious medical conditions (including congestive heart failure, kidney failure, a liver condition, diabetes, high blood pressure, and obesity) put him at increased risk from the COVID-19 virus. That argument is not persuasive, however, given evidence that Defendant has contracted and recovered from COVID-19 while incarcerated, and he has been vaccinated against the virus. Moreover, even if this Court were to grant Defendant compassionate release, he would be transferred to state custody to complete a four-year term of imprisonment arising from a 2019 state court domestic violence conviction. Defendant has not presented any evidence showing that state custody would offer a medically safer environment than his current federal custody.

   2. **Applicable 18 U.S.C. 3553(a) Factors** *(Mark all that apply)*

   [x] The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
       [ ] Mens Rea    [ ] Extreme Conduct      [ ] Dismissed/Uncharged Conduct
       [x] Role in the Offense                [ ] Victim Impact
       [ ] *Specific considerations:*

   [ ] The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
       [ ] Aberrant Behavior               [ ] Lack of Youthful Guidance
       [ ] Age                                   [ ] Mental and Emotional Condition
       [ ] Charitable Service/Good Works    [ ] Military Service
       [ ] Community Ties                [ ] Non-Violent Offender
       [ ] Diminished Capacity           [ ] Physical Condition
       [ ] Drug or Alcohol Dependence     [ ] Pre-sentence Rehabilitation
       [ ] Employment Record            [ ] Remorse/Lack of Remorse
       [ ] Family Ties and Responsibilities   [ ] Other: *(Specify)*

       [ ] Issues with Criminal History: *(Specify)*

   [x] To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
   [ ] To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*
   [x] To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
   [ ] To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
   [ ] To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D)) (Specify)*

3

[ ]  To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*

[ ]  To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6)) (Specify)*

[ ]  To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*

[]  *Specific considerations*:

**3. Whether Defendant Is a Danger to the Safety of Another or to the Community, 18 U.S.C. § 3142(g)**

[x]  the nature and circumstances of the offense (18 U.S.C. § 3142(g)(1))
[ ]  the weight of the evidence against the person (18 U.S.C. § 3142(g)(2))
[x]  the history and characteristics of the person (18 U.S.C. § 3142(g)(3))
[x]  the nature and seriousness of the danger to any person or the community that would be posed by the person's release (18 U.S.C. § 3142(g)(4))
[x] *Specific considerations:*

The Court finds that Defendant would pose a continuing danger to the community if he were released.  In making this finding, the Court has considered Defendant's state court domestic violence conviction as well as his federal court felon in possession conviction.  Moreover, Defendant proposes that he be ordered to reside with his fiancé, Ms. Richardson.  However, Ms. Richardson was the victim of the domestic violence incident for which Defendant was convicted in 2019.  Under those circumstances, the Court would not approve of Defendant's proposed release plan even if Defendant's motion otherwise were meritorious (which it is not).

E. **[ ] DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: March 9, 2021

_____
BETH LABSON FREEMAN
United States District Judge

4